IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | CRIMINAL NO. 3:15-cr-64 |
| Plaintiff,  ) | |
| ) | DEFENDANT'S SENTENCING |
| vs.  ) | MEMORANDUM |
| ) | |
| GERALD WAYNE LEDFORD,  ) | |
| ) | |
| Defendant.  ) | |

## I.   INTRODUCTION

On June 9, 2015, Mr. Ledford was charged in the District of Massachusetts with Transmitting a Threatening Communication in Interstate or Foreign Commerce.  (PSR, ¶1).  On August 5, 2015, jurisdiction of this case was transferred to the Southern District of Iowa and Mr. Ledford pled guilty on August 6, 2015.  (PSR, ¶3).  Sentencing is scheduled for December 4, 2015.  For sentencing purposes, the parties are in agreement that Mr. Ledford's advisory sentencing guideline range is as follows:

        Base Offense Level        12
        Victim Related Adjustment  +3
        Adjusted Offense Level     15

        Acceptance of Responsibility  -2

        Total Offense Level        13
        Criminal History Category  I
        Advisory Guideline Range  12-18 months (Zone C)

The parties will jointly recommend a sentence of four years' probation with the first six months to be served in home confinement.  (PSR, ¶4).

**II.     UNDER THE FACTORS SET FORTH IN 18 U.S.C. §3553(a), MR. LEDFORD SHOULD RECEIVE A SENTENCE OF PROBATION.**

The United States Supreme Court, in *United States v. Booker*, 125 S.Ct. 738 (2005) held that the United States Sentencing Guidelines are advisory and not mandatory. *Id*. at 757. The court shall consider all factors set forth in 18 U.S.C. §3553(a) to determine whether to impose a sentence outside of the guideline range. *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). Title 18 U.S.C. §3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection. Paragraph 2 outlines those purposes as:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

In making this determination, there is no presumption that the guideline sentence should apply. *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). The district court must "...make an individualized assessment based on the facts presented." *Gall v. United States*, 128 S.Ct. 586, 597 (2007). The sentencing factors to be considered by the court include, the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. 18 U.S.C. §3553(a)(1).

Mr. Ledford was born on April 11, 1958, in Fitchburg, Massachusetts. (PSR, ¶68). Mr. Ledford had a good childhood. (PSR, ¶68). He attended school until leaving to enlist in the military after completing the 11th grade. (PSR, ¶87). He later obtained his GED. (PSR, ¶88). Mr. Ledford served in the United States Army from 1979-1984, serving as an Airborne Ranger.

(PSR, ¶95).  He received an honorable discharge.  (PSR, ¶95).

In 1979, Mr. Ledford married Luanne Latimer.  They remain married and continue to have a good relationship with no history of separations or any type of domestic violence.  (PSR, ¶76).  In 1983, Mr. Ledford was involved in an industrial accident in which he broke his hips, both legs and his ankles.  To this day, he takes medication for the chronic pain he continues to endure.  (PSR, ¶81).  Since 1997, he has been receiving disability benefits related to the industrial accident.  (PSR, ¶94).  He has been working part-time the last several years.  (PSR, ¶90-91).  Mr. Ledford also takes prescription medication for several mental health conditions.  (PSR, ¶82).

As was stated above, the general goals of sentencing require consideration of "the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. §3553(a)(2).  The court must also consider "the kinds of sentences available," the sentencing guidelines and relevant policy statements, the need to avoid sentencing disparities, and the need to provide restitution to any victim.  18 U.S.C. §3553(a)(3)-(7).

There is no need for a prison sentence to deter Mr. Ledford from engaging in further criminal conduct.  First, as was stated above, Mr. Ledford, who is 57 years of age, is in a criminal history category of I.  (PSR, ¶46).  In addition, he has already demonstrated by his conduct on pretrial release that he is amenable to supervision.  The Supreme Court recognized in

*Gall* that offenders on probation or supervised release are subject to substantial restrictions on their liberty, including provisions requiring that they may not leave the district, move or change jobs without notifying their probation officer, that they report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, refrain from excessive drinking and submit to drug testing. *Gall*, 128 S.Ct. at 595. If placed on probation, Mr. Ledford would likely be subject to all of these conditions.

Neither the instant offense nor the defendant's prior record support the conclusion that incarcerating Mr. Ledford will provide better protection for society than would granting him probation. Any marginal threat posed by the defendant would be ameliorated by the fact that he will be under the supervision of the United States Probation Office. If he fails to comply with the terms of supervision, then he can be revoked and sent to prison. Mr. Ledford's conduct both before and after the instant offense suggest that he would successfully complete probation.

Mr. Ledford acknowledges that this experience has been an eye-opener for him. A sentence of probation carries with it many obligations which Mr. Ledford will have to meet. A sentence of probation would also reflect the seriousness of the offense and promote respect for the law. Based on all of these factors, a sentence of probation would be sufficient, but not greater than necessary, to achieve the purposes of sentencing which are set forth in 18 U.S.C. §3553(a)(2).

### III. CONCLUSION

Mr. Ledford respectfully requests that he receive a sentence of probation in this matter.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
MidwestOne Bank Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE: (563) 322-8931
TELEFAX: (563) 383-0052
EMAIL: terry_mcatee@fd.org

By: /s/
    **Terence McAtee**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT

cc: Richard Westphal, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on November 24, 2015, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
/s/